UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMY BOEVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:21-cv-0353-JPG |
| | ) | |
| CITY OF COLLINSVILLE, ILLINOIS, | ) | |
| and RANDALL E. TEDESCO aka | ) | |
| RANDY TEDESCO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS COUNTS III and IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT and DISMISS COUNTS I AND V AGAINST DEFENDANT TEDESCO, AND MEMORANDUM IN SUPPORT**

Defendants City of Collinsville and Randall Tedesco (hereinafter "Defendants"), through the undersigned counsel, move this Court to dismiss Counts III and IV of Plaintiff's First Amended Complaint, and to dismiss Counts I and V as against Defendant Tedesco. In support of this Motion, Defendants state as follows:

The City of Collinsville, Illinois, hired Plaintiff Amy Boeving in October 2016.[1] (Doc. 17, Am. Compl. ¶13.) Plaintiff is a current employee of the City and works as a Planning/Building Assistant in the Community Development Department under the supervision of Defendant Randall Tedesco. (Doc. 17 at ¶¶13-15.) Plaintiff's First Amended Complaint alleged six claims against Defendants. The Illinois Gender Violence Act (IGVA) claim set forth in Count IV is not properly brought against any Defendant as a matter of law and must be dismissed in its entirety. Plaintiff's Count III, titled "Gender Discrimination," should be dismissed for failure to state a claim. Finally,

---

[1] As clarified in Defendants' Answer, Plaintiff's hire date is October 11, 2016, not October 2017 as alleged.

as to the Title VII claims against Defendant Tedesco set forth in Counts I and V, dismissal is proper as he cannot be held individually liable under Title VII of the Civil Rights Act of 1964.

## I.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint must merely provide "a short and plain statement of the claim," which is sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), including "some indication ... of time and place," *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).

## II.    ARGUMENT

### a. Count IV of Plaintiff's Amended Complaint, Brought Pursuant to the Illinois Gender Violence Act, is Subject to Dismissal.

Plaintiff has brought claims against all Defendants under the Illinois Gender Violence Act ("IGVA"). 740 ILCS 82/10. The IGVA provides for a civil remedy for victims of gender-related violence, meaning "acts satisfying the elements of battery committed at least in part on the basis of a person's sex and physical intrusions or invasions of a sexual nature under coercive conditions that satisfy the elements of battery." 740 ILCS 82/5. A plaintiff may bring a claim under the IGVA against "a person or persons" who have perpetrated gender-related violence, meaning "personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." *Id.*

The inadequacy of Plaintiff's Count IV is twofold.  First, Plaintiff's IGVA claim fails because Plaintiff has failed to plead facts sufficient to satisfy the elements of a battery claim under Illinois law.  Second, Plaintiff's IGVA claim fails as pertains to Defendant City of Collinsville, as Plaintiff has not set forth any facts to demonstrate the requisite level of involvement on the City's behalf to sustain an IGVA claim against a legal entity.  For these reasons, Defendants respectfully request that this Court dismiss Count IV of Plaintiff's First Amended Petition.

### i. Count IV Fails Because Plaintiff Fails to State a Claim Upon Which Relief May Be Granted Under the IGVA by Failing to Plead Facts Sufficient to Establish the Elements of the Claim.

A cause of action under the IGVA arises when there is a "physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois." 740 ILCS 82/5. The statute covers either personally committing gender-related violence or "personally encouraging or assisting" it. 740 ILCS 82/10.  Battery can be defined as the willful touching of the person of another without that person's consent. *Flores v. Santiago*, 2013 IL App (1st) 122454, 986 N.E.2d 1216, 1219, 369 Ill. Dec. 580 (Ill. App. Ct. 2013).

To advance her claim under the IGVA, Plaintiff alleges that "the actions of Supervisor . . . touching Plaintiff in a sexual nature and threatening Plaintiff with harm or violence . . . constitutes a battery under the laws of the State of Illinois." (Doc. 17 at ¶ 80.)  Yet when provided "detail" as to this conduct, Plaintiff merely states that Defendant Tedesco engaged in "unwanted touching of Plaintiff's person," (Doc. 17 at ¶ 16), with no further elaboration.  There are no allegations as to when and where this alleged contact occurred, or on what grounds Plaintiff claims that the touching was "under coercive conditions" or of a sexual nature, as is required by the statute. 740 ILCS 82/5. Second, Plaintiff claims in Count IV that she was subjected to threats of harm or violence if she did not accede to Defendant Tedesco's advances, yet no other reference – such as a time, place, or

the nature of the alleged "threats" – is provided.  (Doc. 17 at ¶ 80.)  Given that Plaintiff's hire date was October 2016 (Doc. 17 at ¶ 13), and the statute of limitations for IGVA claims involving threats is two years, Plaintiff's failure to plead details regarding when in the four years spanned by the time frame of her Amended Complaint the alleged threats occurred is particularly fatal.  740 ILCS 82/20.  As Plaintiff has failed to provide any detail supporting adequate notice to Defendants of what is alleged, much less whether the claim is timely, this Court should dismiss Count IV of Plaintiff's First Amended Petition.  *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).

> **ii. Count IV Fails Against Defendant the City of Collinsville Because Courts Have Repeatedly Declined to Extend the IGVA to Cover Employers Without an Express Showing of Personal Encouragement or Assistance in the Allegations of Violence.**

In addition to failing to plead facts sufficient to sustain an IGVA claim generally, Plaintiff has also failed to plead facts sufficient to set forth a plausible claim under the IGVA against Defendant City of Collinsville.  First it should be noted that courts are split regarding whether or not a legal entity *can* act "personally" for the purposes of the IGVA, as the statute itself does not extend the Act beyond natural persons in its text.  *See Robinson v. FedEx Ground Package Sys.*, 2020 U.S. Dist. LEXIS 20130 (N.D. Ill. Feb. 6, 2020)(concluding that the IGVA only governs natural persons); *Rosas v. Komatsu Am. Corp.,* No. 18CV1120, 2018 WL 3758564 at *2 (C.D. Ill. Aug. 8, 2018)(holding that corporations cannot act personally for the purposes of the IGVA, as they can only act through agents).

Even in cases where courts have found that legal entities can, in theory, be subject to liability under the IGVA, it is clear that the pleading standards for such a claim are stringent, and require a plaintiff to plead that the entity itself was responsible for committing the violence or "personally encouraging or assisting" the violence.  Courts have expressly declined to find that the IGVA applies to situations where the entity's liability amounts to mere failure to supervise or

negligence.  In *Gasic v. Marquette Mgmt.*, 2019 IL App (3d) 170756 at *13 (3d Dist. 2019), the Court declined to grant a motion to dismiss on behalf of a corporation sued under the IGVA.  While the *Gasic* court did remand the case under consideration, it did so with the following holding – "Our holding, in essence, is only that it would be hypothetically possible to sue a legal entity for acting personally under the Act, if some fictional plaintiff were to file a perfectly-worded complaint."  *Id.*  The Court went on to explain that it was not asked to determine whether the complaint under consideration was, in fact, able to meet that standard.  The underlying claim in *Gasic* was dismissed after the Court of Appeals decision.  Therefore, *Gasic* does support or provide any clarity to what a fictional Plaintiff would need to plead in order to satisfy its "perfectly-worded complaint" standard.  However, it is clear that Plaintiff would be required to plead something more than merely employing the wrongdoer.

In *Sheaffer v. Glendale Nissan*, 2020 U.S. Dist. LEXIS 2923 at *8 (N.D. Ill. Jan. 6, 2020), the District Court cited *Gasic* for the proposition that the possibility of corporate liability is an open question, but nonetheless dismissed the IGVA claims brought against corporate defendants due to the failure to meet the pleading standards of the IGVA.  Specifically, the *Sheaffer* Court held that as the plaintiff had merely alleged that the employer corporation was aware of the gender-related violence and failed to take appropriate corrective action, but had failed to plead that the corporation had personally assisted in or encouraged the gender-related violence, the claim should be dismissed.  *Id.*

As held in *Gasic* and *Sheaffer*, mere negligence or failure to supervise is insufficient to give rise to liability under the IGVA.  *Gasic*, 2019 IL App (3d) 170756 at *17 (clarifying that its holding does not find that negligence allegations raised in the trial court as IGVA claims were proper); *Sheaffer*, 2020 U.S. Dist. LEXIS 2923 at *7-8 (finding that mere knowledge and failure

5

to act did not suffice to meet the personal involvement pleading standard). Plaintiff provides no allegations whatsoever regarding the City of Collinsville's involvement in any alleged battery, other than the mere fact that the City employs Defendant Tedesco. Therefore, consistent with the limited caselaw on this legal theory, and as set forth in *Gasic* and *Sheaffer*, Plaintiff's Count IV is facially insufficient to state a claim against Defendant City of Collinsville and should be dismissed.

### b. Plaintiff has Failed to State a Claim for "Gender Discrimination" in Count III Upon Which Relief May Be Granted.

Count III of Plaintiff's Amended Complaint is titled "Gender Discrimination." Plaintiff does not state in Count III what statute, if any, she relies on to seek relief for the alleged gender discrimination. (Doc. 17, ¶¶ 69-76.) The factual allegations themselves relate to Defendant City of Collinsville's alleged mistreatment of Plaintiff and other females, painted in very amorphous terms. Count III yet again fails to provide the "indication of time and place" required to state a cognizable claim per *Thomson,* 362 F.3d at 970-71 and, accordingly, Count III should be dismissed. Further, Plaintiff fails to specify what theory of recovery applies to Count III. To the extent Plaintiff is attempting to bring a gender discrimination claim under Title VII of the Civil Rights Act of 1964, Count III must be dismissed as against Defendant Tedesco, as individual liability is not available under that statute, as set forth below.

### c. Counts I and V are Improperly Brought Against Defendant Tedesco as an Individual and Therefore Should be Dismissed as against Defendant Tedesco.

It is well-settled law that individual supervisors cannot be held personally liable as employers pursuant to Title VII. *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) ("[T]here is no individual liability under Title VII."); *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 380 (7th Cir. 2011); *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490 (7th Cir. 1998); *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995) ("[A] supervisor does not, in his

6

individual capacity, fall within Title VII's definition of employer."); *Waller v. Randle*, 2011 U.S. Dist. LEXIS 57735 (S.D. Ill. May 31, 2011); *Hilliard v. Denny's Inc.*, 2002 U.S. Dist. LEXIS 5068 (S.D. Ill. Feb. 13, 2002).  In Counts I and V, Plaintiff has sued Defendant Tedesco, an individual, for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964.  Further, while it is unclear what Plaintiff's theory of recovery is in Count III, to the extent she is attempting to proceed under Title VII for that gender discrimination claim, Defendant Tedesco is not amenable to suit under Title VII.  Accordingly, Counts I, III, and V as brought against Defendant Tedesco must be dismissed.[2]

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this Court dismiss Counts III and IV in their entirety against all Defendants, as well as Counts I and V against Defendant Tedesco, and for any such other and further relief this Court deems appropriate.

Respectfully submitted,

*/s/ Carrie L. Kinsella*
Carrie L. Kinsella, #6283318IL
Jillian M. Mueller, #65033MO
JACKSON LEWIS P.C.
222 S. Central Avenue, Suite 900
St. Louis, MO  63105
Telephone: (314) 827-3939
Facsimile: (314) 827-3940
carrie.kinsella@jacksonlewis.com
jillian.mueller@jacksonlewis.com

*Attorneys for Defendants*

---

[2] Plaintiff does not raise any allegations against Defendant Tedesco in Count VII, her FMLA retaliation claim; that claim and the request for damages is directed entirely to the City of Collinsville.  *See* Doc. 17 at ¶¶ 115-117.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of June, 2021, the foregoing **Motion to Dismiss Counts III and IV, and Dismiss Counts I and V against Defendant Tedesco, and Memorandum in Support** was electronically filed with the court and that a true and correct copy of the foregoing document was electronically served upon the following via the CM/ECF system:

Jill R. Rembusch
Grant J. Mabie
HEIN SCHNEIDER & BOND P.C.
2244 S. Brentwood Blvd.
St. Louis, MO  63144
jrr@hsbattorneys.com
gjm@hsbattorneys.com

*Attorneys for Plaintiff*

                                                                            */s/ Carrie L. Kinsella*

4820-8486-7310, v. 4