UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY BOEVING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:21-cv-353 |
| ) | |
| CITY OF COLLINSVILLE, ILLINOIS, ) | |
| and ) | |
| ) | **JURY TRIAL DEMANDED** |
| RANDALL E. TEDESCO aka ) | |
| RANDY TEDESCO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND DISMISS COUNTS I AND V AGAINST DEFENDANT TEDESCO**

NOW COMES Plaintiff Amy Boeving, by and through her undersigned counsel, and as and for her Response in Opposition to Defendants' Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint and to Dismiss Counts I and V as to Defendant Randall E. Tedesco Only, states to the Court as follows:

**I. Background of the Case**

This cause comes before the Court on Plaintiff Amy Boeving's ("*Plaintiff*") seven Count First Amended Complaint seeking relief concerning, amongst other things, the disparate and illegal sexually based treatment she has been forced to endure at the hands of her supervisor, Defendant Randall E. Tedesco ("*Defendant Tedesco*"), throughout the course of her employment with, and seemingly with the approval of, Defendant the City of Collinsville, Illinois ("*City*").[1]  In response thereto, Defendants have not denied the allegations, nor have they answered the vast majority of

---

[1] Defendant Tedesco and City are hereinafter collectively referred to as "*Defendants*".

Plaintiff's Complaint, but rather have instead filed a Motion to Dismiss two of the seven Counts as to each of them and an additional two as to Defendant Tedesco only.[2]

The crux of Defendants' arguments as it relates to Counts III and IV are that Plaintiff was subject to a heightened pleading standard and had to allege when and where Defendant Tedesco touched her without her consent and when and where the Defendants discriminated against women based upon gender in order to assert her claims. The defendants cite no support for this incorrect assertion. As it relates to the City only on Count IV, Defendants propose that the City did not "encourage or assist" in Defendant Tedesco's actions when it "pressured Plaintiff not to lodge a complaint" "threatening Plaintiff that she would be outcast and ostracized in the workplace if she did", and in telling "Plaintiff that the 'people upstairs' in the Collinsville government center were not fond of her and that it would be in her best interest to simply let her mistreatment go."[3] Defendants' Motion is without merit and must be denied.

## II. Standard of Review

When deciding a motion to dismiss under Federal Rule 12(b)(6), such as that filed by the Defendants in this case, the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief"[4] "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive the Motion, the complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[2] Defendants' Motion as it relates to Counts I and V directed to Defendant Tedesco only is well taken and as such, is not addressed further in this Response.
[3] See First Amended Complaint at ¶20-21.
[4] *Fed.R.Civ.P. (8)(a)(2)*.

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, *supra* at 555 (internal citations omitted).

### III. Law and Argument

**A.     Plaintiff has sufficiently plead her claims in Count IV for violation of the Illinois Gender Violence Act because the Plaintiff has alleged facts sufficient to show that Defendant Tedesco's actions constitute a battery under Illinois law and that the City both encouraged and assisted in his unlawful actions.**

The Illinois Gender Violence Act, 740 ILCS 82/1, et seq. (the "*Act*"), creates a civil cause of action for damages or other appropriate relief for any person who has been subjected to gender-related violence against both the person who personally committed the act or acts **and** any persons who encouraged or assisted in the act or acts.  *740 ILCS 82/10*.   The Act defines gender-related violence as a "form of sex discrimination" and further:

> **(1)** *One or more acts* of violence or physical aggression *satisfying the elements of battery under the laws of Illinois that are committed*, at least in part, *on the basis of a person's sex*, whether or not those acts have resulted in criminal charges, prosecution, or conviction.
> **(2)** *A physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois*, whether or not the act or acts resulted in criminal charges, prosecution, or conviction.
> **(3)** *A threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act*.

*740 ILCS 82/5* (emphasis added).  "Illinois courts have stated that battery may be defined as the wilful touching of the person of another or a successful attempt to commit violence on the person of another."  *Flores v. Santiago*, 986 N.E.2d 1216, 1219 (Ill. App. Ct. 2013).  Illinois courts have also defined battery as "involving defendant performing some affirmative act intended to cause an unpermitted contact."  *Id*.  In other words, "the gist of the action for battery is not the hostile intent

of the defendant, but rather the absence of consent to the contact on the part of the plaintiff." *Cowan v. Insurance Co. of North America*, 318 N.E.2d 315, 324 (Ill. App. Ct. 1974).

In her First Amended Complaint, Plaintiff alleges that her supervisor, Defendant Tedesco, continually pressured her to engage in a sexual relationship with him, made sexual overtures and sexual comments to her on a nearly daily basis, and repeatedly **touched her** in a sexual manner without her consent and further, that all of these actions were to the extent that not only did Plaintiff approach City about the inappropriate conduct to bring it to City's attention, but so did some of Plaintiff's co-workers who witnessed the reprehensible conduct. See *First Amended Complaint* at ¶¶ 15-19, 26, 30-31.

Thus, Plaintiff has sufficiently plead not only the necessary elements of a claim under the Act against Defendant Tedesco, but also facts sufficient to show that City, as the employer, by ignoring the conduct and willfully refusing to act upon the repeated complaints made by Plaintiff and others of the conduct, condoned, encouraged or assisted in Defendant Tedesco's acts of gender-related violence. See *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001 (N.D. Ill. 2012) (finding where an employer receives a Plaintiff's complaints of sexual harassment or assault by its managers or employees and takes no action against those managers and employees, a Plaintiff has sufficiently plead a claim under the Act against the employer); *Cruz v. Primary Staffing, Inc.*, 2011 U.S. Dist. LEXIS 29237, 2011 WL 1042629, at *1 (N.D. Ill. Mar. 22, 2011).

Defendants also contend that City is not a "person" and thus a claim under the Act cannot be maintained against it in reliance on the holdings in *Robinson v. FedEx Ground Package Sys.*, 2020 U.S. Dist. LEXIS 20130 (N.D. Ill. Feb. 6, 2020) and *Rosas v. Komatsu Am. Corp.*, No. 18CV1120, 2018 WL 3758564 at *2 (C.D. Ill. Aug. 8, 2018). However, neither of these cases considered or addressed the holding in *Gasic v. Marquette Mgmt.*, 146 N.E.3d 10 (Ill. App. Ct.

2019) which explicitly found that the Act, under some circumstances, **can** give rise to a cause of action against a legal entity such as City. In fact, in the cases where the Seventh Circuit District courts have addressed the holding in *Gasic*, the Courts have held that a cause of action against a legal entity under the Act should not be dismissed.[5]

Defendants attempt to avoid the holding in *Gasic* by trying to paint the holding as setting a heightened pleading standard in order to assert a claim under the Act, but the Court made no such holding. While the majority of the Court did provide the quotation set forth by Defendants while addressing the dissent, the Court went on to hold:

> For the foregoing reasons, we answer the certified question as follows: Under some circumstances, a legal entity, such as a corporation, can act "personally" for purposes of giving rise to civil liability under the Act.

*Gasic v. Marquette Mgmt.*, 146 N.E.3d 10, 13 (Ill. App. Ct. 2019). Thus, the quotation provided by Defendants from the opinion is and was not essential to the outcome of the case and as such, is nothing more than dictum and is not binding authority or precedent.[6]

Finally, Defendants ask this Court to interpret the Federal Rules of Civil Procedure to include language that requires a Plaintiff to plead in detail when and where unlawful conduct occurred. Such a finding, however, is contrary to the plain letter of the law which requires only that a Plaintiff give "some indication of time and place." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). This is not a requirement that Plaintiff plead exactly when and where conduct occurred as to require such would be contrary to the adoption of notice pleading.

---

[5] See, eg. *Solinski v. Higher Learning Comm'n*, 2021 U.S. Dist. LEXIS 67545, 2021 WL 1293841 (N.D. Ill. 2021); *Balderas v. Ill. Cent. R.R. Co.*, 2020 U.S. Dist. LEXIS 177582, 2020 WL 5763576 (N.D. Ill. 2021); *Doe v. City of Chicago*, 2020 U.S. Dist. LEXIS 59822, 2020 WL 1675639 (N.D. Ill. 2020) and *Sheaffer v. Glendale Nissan, Inc.*, 2020 U.S. Dist. LEXIS 2923, 2020 WL 70939 (N.D. Ill. 2020).
[6] See *Lebron v. Gottlieb Mem. Hosp.*, 237 Ill. 2d 217, 236-37 (2010) for a discussion by the Illinois Supreme Court on dictum and its relation to *stare decisis* under Illinois law.

In short, Plaintiff has adequately plead that Defendant Tedesco repeatedly violated the Act and further, that City assisted or encouraged those violations and was complicit therein so as to put the Defendants on notice of her claims and thus, Defendants' Motion to Dismiss Count IV must be denied.

***B.     Plaintiff has sufficiently plead her claim in Count III for gender discrimination because she has provided the Defendants with sufficient factual allegations to be on notice that she is claiming the City deprived Plaintiff and other women similarly situated to Plaintiff of equal pay and treatment as to that of their male co-workers and, which should go without saying particularly as it relates to a governmental entity, such conduct is unlawful.***

In their request for dismissal of Count III for Gender Discrimination, Defendants erroneously contend that Plaintiff must plead the "time and place" of the Defendants' actions, and that Defendants are incapable of determining whether or not it unlawful to discriminate against women based upon their sex. See *Defendants' Motion to Dismiss* at p.6. Defendants further contend that despite alleging facts sufficient to put Defendants on notice of exactly what here claims are, Plaintiff also has to point them to every location within the law where Defendants can find that it is unlawful to discriminate against Plaintiff based on her sex. *Id*.

Defendants' arguments however, wholly ignore the adoption of notice pleading by the Federal Rules of Civil Procedure, as is evidenced by Defendants' failure to cite to a single source in support of its one paragraph of argument. As such, Defendants' Motion to Dismiss as it relates to Count III should be denied.

### IV. Conclusion

WHEREFORE, for all of the foregoing reasons, Plaintiff prays this Honorable Court for its Order denying Defendants' Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint and Counts I and V against Defendant Tedesco, or in the alternative, for its Order

6

granting Plaintiff leave to file an amended Complaint, for her fees and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                HEIN SCHNEIDER & BOND P.C.

                */s/ Jill R. Rembusch*
                Jill R. Rembusch, #6257221 IL
                Grant J. Mabie, #6304882 IL
                2244 S. Brentwood Blvd.
                St. Louis, MO 63144
                Telephone:   (314) 863-9100
                Email:        jrr@hsbattorneys.com
                                   gjm@hsbattorneys.com
                *Attorneys for Plaintiff*

## Certificate of Service

      I hereby certify that on July 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record for all Defendants in this matter.

                */s/ Jill R. Rembusch*