UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY BOEVING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF COLLINSVILLE, ILLINOIS, )<br>and RANDALL E. TEDESCO a/k/a )<br>RANDY TEDESCO, )<br>)<br>Defendants. ) | Cause No.: 3:21-CV-00353-GCS |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COUNTS III AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants City of Collinsville and Randall Tedesco, through the undersigned counsel, submit their Reply in support of Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint and Dismiss Counts I and V against Defendant Tedesco,[1] and state as follows:

**I.   Plaintiff's Illinois Gender Violence Act (IGVA) Claim Against the City of Collinsville in Count IV Must Be Dismissed as the City is Not a "Person" Within the Meaning of the IGVA and Plaintiff Failed to Plead Encouragement or Assistance on the Part of the City.**

The Illinois Gender Violence Act provides, in pertinent part, "Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action . . . against a person or persons perpetrating that gender-related violence." 740 ILCS 82/10. The IGVA defines "perpetrating" to mean "personally committing . . . or personally encouraging or assisting the act . . . ." *Id*. The most recent decision on the IGVA, *Mundo v. City of Chi. & Hogan*, 2021 U.S. Dist. LEXIS 144944 (N.D. Ill. Aug. 3, 2021), dismissed an IGVA claim against the City of Chicago, holding that a municipality cannot be held liable as a "person" under the Act.

---

[1] Plaintiff concedes that her claims brought pursuant to Title VII against Defendant Tedesco in Counts I and V are not viable and should be dismissed (Doc. 24 at p. 2, n.2); therefore, Defendants do not address those claims here.

In *Mundo*, the District Court found that there was "compelling reason to doubt that the majority's holding in *Gasic* states the law as the Illinois Supreme Court would." *Id*. at *12. The District Court elucidated this position as follows:

> That the legislature intended to use the ordinary meaning of "person" becomes especially evident in view of the surrounding statutory language. For starters, the statute refers to "persons" who "personally commit" or "personally encourage" gender-related violence. 740 Ill. Comp. Stat. 82/10. While corporations are sometimes considered persons, they cannot be said to act "personally" because they act only "through their agents." What is more, the provision in question first refers to a person who has been subject to gender-related violence . . . . It is hard to imagine how an artificial entity could be subject to gender-related violence . . . . [T]he Court is compelled to find that Gasic does not reflect how the Illinois Supreme Court would rule on the issue at hand. Rather, because the Court believes that the Illinois Supreme Court would agree with its decision in *Robinson*, it grants the City's motion to dismiss with respect to Count IV [the Illinois Gender Violence Act claim].

*Id*. at *13-14. Similarly, in *Jackson v. E. St. Louis Bd. of Educ. Dist. 18*, 2020 U.S. Dist. LEXIS 131096, *5 (S.D. Ill. July 24, 2020), the District Court dismissed the IGVA claim, finding that the plaintiff had cited "no authority for the proposition that a board of education, or any other entity, can be held liable under the IGVA. And, every court that has squarely addressed whether the statute applies to both entities and natural persons has found that it does not."

Even in cases which have allowed for the prospect of an IGVA claim against an entity, the claim has been dismissed where the allegations do not meet the statutory requirement that the entity was "personally encouraging or assisting" in the gender-related violence. *See Sheaffer v. Glendale Nissan*, 2020 U.S. Dist. LEXIS 2923, *8 (N.D. Ill. Jan. 6, 2020) (finding allegations that the defendant knew of an employee's act of gender-related violence and failed to take corrective action were not sufficient to state an IGVA claim); *Brownlee v. Catholic Charities of the Archdiocese of Chi.*, 2018 U.S. Dist. LEXIS 51501 (N.D. Ill. Mar. 28, 2018) (dismissing the IGVA

2

claim based on a failure to plead the corporate defendant "personally encouraged or assisted" the employee's alleged gender-related violence against the plaintiff).

As an initial matter, Defendant City of Collinsville asserts that it is not amenable to suit as it is not a "person" within the meaning of the IGVA. See *Mundo*, 2021 U.S. Dist. LEXIS 144944, *13, *Jackson*, 2020 U.S. Dist. LEXIS 131096, *5. Further, even allowing for *Gasic*'s suggestion that it is "hypothetically possible to sue a legal entity" under the IGVA, it still requires a "perfectly-worded complaint," *Gasic v. Marquette Mgmt.*, 2019 IL App (3d) 170756, *13 (3d Dist. 2019), which Plaintiff has failed to provide here. In Count IV, Plaintiff does not assert any facts regarding Defendant City of Collinsville's alleged complicity – *i.e.*, encouragement or assistance – in any actions by Defendant Tedesco. *See* Doc. 17 at ¶¶ 77-82. Neither alleged knowledge of an act nor a failure to supervise is sufficient to give rise to liability under the IGVA. *Gasic*, 2019 IL App (3d) 170756 at *17 (clarifying that its holding does not find that negligence allegations raised in the trial court as IGVA claims were proper); *Sheaffer*, 2020 U.S. Dist. LEXIS 2923 at *7-8 (finding that mere knowledge and failure to act did not suffice to meet the personal involvement pleading standard). For the reasons herein, as well as those set forth in Defendants' Motion (Doc. 22), Plaintiff's IGVA claim against the City of Collinsville should be dismissed.

## II.     Plaintiff Fails to State a Claim for Gender Discrimination in Count III.

A complaint must provide "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). While not specifically required under the Federal Rules, "[t]ypically, a 'count' identifies a specific statute or legal theory under which a particular defendant is purportedly liable and the plaintiff is entitled to damages." *Williams v. Illinois*, 2020 U.S. Dist. LEXIS 128943, *5 (S.D. Ill. July 22, 2020). In examining the pleading standard under Rule 8, the Seventh Circuit has noted that "[t]he rules do not require unnecessary detail, but neither do they promote vagueness . . . ." *EEOC v. Concentra Health*

3

*Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Plaintiff asserts she has provided notice of her claim in Count III that Plaintiff was deprived of "equal pay and treatment" in relation to "male co-workers." *See* Doc. 24, p. 6; *see also* Doc. 17 at ¶ 70.  Yet the legal claim cannot be discerned based on the facts pled, as it remains unclear whether Plaintiff is attempting to raise an Equal Pay Act claim or proceed under some other legal theory.  If the former, Plaintiff has not pled facts to support the underlying elements that (1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions.  *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998).  Further, the omission of any legal authority Plaintiff relies upon for her claim in Count III is even more glaring given Plaintiff's specific identification of Title VII and the Illinois Human Rights Act, respectively, as the basis for her gender-based hostile work environment claims in Counts I and II.  As Plaintiff has failed in Count III to provide Defendants with adequate notice of what claim is being brought against them, Defendants respectfully request dismissal of Count III.

WHEREFORE, for the reasons set forth herein, as well as those set forth in Defendants' Motion to Dismiss (Doc. 17), Defendants respectfully request that this Court dismiss Counts III and IV, and further dismiss Counts I and V as against Defendant Tedesco.

Respectfully submitted,

/s/ *Carrie L. Kinsella*
Carrie L. Kinsella, #6283318IL
Jillian M. Mueller, #65033MO
JACKSON LEWIS P.C.
222 S. Central Avenue, Suite 900
St. Louis, MO  63105
Telephone: (314) 827-3939
Fax:  (314) 827-3940
carrie.kinsella@jacksonlewis.com
jillian.mueller@jacksonlewis.com
*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2021, the foregoing **Defendants' Reply in Support of Defendants' Motion to Dismiss** was electronically filed with the court and that a true and correct copy of the foregoing document was electronically served upon the following via the CM/ECF system:

Jill R. Rembusch
Grant J. Mabie
Hein Schneider & Bond P.C.
2244 S. Brentwood Blvd.
St. Louis, MO  63144
jrr@hsbattorneys.com
gjm@hsbattorneys.com

*Attorneys for Plaintiff*

/s/ *Carrie L. Kinsella*

4848-9798-1941, v. 1