IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY BOEVING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00353-JPG |
| | ) |
| CITY OF COLLINSVILLE, ILLINOIS, | ) |
| | ) |
| And RANDALL E. TEDESKCO a/k/a | ) |
| RANDY TEDESCO | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I.  Background**

Plaintiff Amy Boeving ("Plaintiff" or "Ms. Boeving") is suing her former employer Randall Tedesko a/k/a Randy Tedesco ("Mr. Tedesco") and the City of Collinsville ("Collinsville"), collectively, ("Defendants"). In October 2016, Ms. Boeving worked as a Planning/Building Assistant in the Community Development Department for Collinsville beginning in October 2016 (Doc. 17, ¶ 13). Mr. Tedesco was Ms. Boeving's supervisor. His title was Chief Building Officer in the Community Development Department. *Id*. at ¶ 14.

Plaintiff claims that her supervisor, Mr. Tedesco, pressured her to engage in a sexual relationship. *Id*. at ¶ 13. Specifically, Plaintiff alleges Mr. Tedesco committed actions which include the following: "leering and staring at Plaintiff; unwanted touching of Plaintiff's person without Plaintiff's consent; constant and continued propositioning of Plaintiff to meet outside of work socially and/or romantically and to engage in a romantic relationship, as well as repeated sexual overtures and inappropriate sexual comments on a nearly daily basis." *Id*. at ¶ 16. Plaintiff claims she rejected Mr. Tedesco advances and never consented to her touching in any way. *Id*. at

¶¶ 17-18.

In June 2018, Ms. Boeving approached David Bookless, another supervisor at Collinsville to discuss her treatment. *Id*. at ¶ 19. Mr. Bookless allegedly told Ms. Boeving not to lodge a complaint and told her it would be a bad idea to do so. *Id*. at ¶ 20. Ms. Boeving claims that Mr. Tedesco's treatment was "open, obvious, and widely known throughout City Hall." *Id*. at ¶ 25. Plaintiff's co-worker also filed a complaint against Mr. Tedesco. *Id*. at ¶ 26. Defendants admit that Ms. Boeving's co-worker filed this complaint (Doc. 23, p. 4). Ms. Boeving states supervisors approved of her work even as Mr. Tedesco's mistreatment of her continued in the next coming months (Doc. 17, ¶ at 29).

During Summer 2019 Ms. Boeving had monthly meetings with various directors concerning Mr. Tedesco's treatment, where Mr. Tedesco's treatment escalated. *Id*. at ¶¶ 30-32. These directors discouraged Ms. Boeving from filing a complaint and implied that such a complaint would be detrimental to her employment. *Id*. at ¶ 33.

Ms. Boeving states that Defendants retaliated against her by subjecting her to "significantly disparate treatment in the work place," "increased scrutiny and criticism of her work product, increased scrutiny of her time entries, directing personal disparagements made both to Plaintiffs and to others employed by Collinsville and in the community at large, increasing her work load to impossible levels, and subjecting Plaintiff to hostile treatment in the work place, which caused Plaintiff to suffer increased and unwarranted stress in the work place." *Id*. at ¶ 88.

Plaintiff alleges she began suffering "severe and debilitating anxiety" and took a "covered and approved leave of absence" pursuant to Section 105 of the FMLA. *Id*. at ¶¶ 106-107. When Ms. Boeving returned to work on May 11, 2021 her keycard fell off and was found

by an unknown co-worker. *Id*. at ¶¶ 108-110. Ms. Boeving's superiors gave her a five (5) day suspension for this security violation. Ms. Boeving claims this suspension was in retaliation for her FMLA leave. *Id*. at ¶¶ 111-112.

Plaintiff filed a charge of discrimination and retaliation with the Illinois Department of Human Rights, and the Equal Employment Opportunity Commission ("EEOC") against employer Collinsville and Mr. Tedesco for sexual harassment, gender-based employment discrimination, and retaliation. *Id*. at ¶ 8. On April 1, 2021 Ms. Boeving filed a complaint (Doc. 1). She amended her complaint ("First Amended Complaint") on May 12, 2021 (Doc. 17). She alleges the following seven counts against Defendants Collinsville and Mr. Tedesco:

- Count I – Hostile Work Environment/Sexual Harassment in violation of Title VII
- Count II – Hostile Work Environment/Sexual Harassment in violation of Illinois Human Rights Act
- Count III – Gender Discrimination
- Count IV – Violation of Illinois Gender Violence Act
- Count V – Retaliation in Violation of Title VII
- Count VI – Retaliation in Violation IL Human Rights Act
- Count VII – Retaliation in Violation of Family Medical Leave Act

Defendants filed a Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint and Counts I and V against Defendant Tedesco (Doc. 22). Defendants argues that Count III for Gender Discrimination should be dismissed for a failure to state a claim. *Id*. at 1. Defendants argue Count 4 is not properly brought against any defendant and must be dismissed. *Id*. Additionally, Defendants argue Counts I and V are not properly brought against Defendant Tedesco as he cannot be held liable under Title VII under the Civil Rights Act of 1964. *Id*. at 1-2.

## II. Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6), motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief,"

3

Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### III. Analysis

#### a. Count IV – Illinois' Gender Violence Act

In Count IV, Plaintiff brings a claim under the Illinois' Gender Violence Act ("IGVA"). Section 5 of the IGVA defines "gender-related violence" as "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex" and "[a] physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois." 740 ILCS 82/5. The statute covers either personally committing gender-related violence or "personally encouraging or assisting" it. 740 ILCS § 82/10. A defendant commits battery in Illinois if he intentionally causes harmful or offensive contact with another person. *Flores v. Santiago*, 2013 IL App (1st) 122454, ¶ 14.

Defendants' first argument is that Plaintiff has failed to satisfactorily plead elements of a battery claim under Illinois law (Doc. 22, p. 3). Specifically, Defendants argue Ms. Boeving's

complaint does not provide any allegations "as to when and where this alleged contact occurred, or on what grounds Plaintiff claims that the touching was under 'coercive conditions' or of a sexual nature, as is required by the statute." *Id*. at 3. First, this Court will not require detailed dates of incidents and will not institute heightened pleading requirements of notice pleading. *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004) (listing exceptions to requirement of notice pleading versus fact pleading such as fraud, retaliation, and others). All that Plaintiff is required to plead is "some indication…of time and place." *Id*; *see Pierce v. Illinois Dep't of Hum. Servs.*, 128 F. App'x 534, 538 (7th Cir. 2005) ("[t]he filing also included some indication of time and place…by implying that the incidents took place at work and constantly"). Here, providing all reasonable inferences in Plaintiff's favor, Ms. Boeving provided indication that such conditions took place at work and consistently. Additionally, the Court finds Plaintiff has properly pled the "coercive conditions" required by the statute. See Doc. 17, ¶¶ at 15-21.

Defendants' second argument is that Ms. Boeving failed to demonstrate requisite involvement of Collinsville to sustain an IGVA claim against a legal entity (Doc. 22, p. 3). Specifically, Defendants refer to a court split regarding whether or not courts in Illinois allow a legal entity to act "personally" for purposes of giving rise to civil liability under the IGVA. This Court looks at Illinois law in its analysis.[1] The Appellate Court of Illinois, Third District recently held "[u]nder some circumstances, a legal entity, such as a corporation, can act 'personally' for purposes of giving rise to civil liability under the Act." *Gasic v. Marquette Mgmt., Inc.*, 2019 IL App (3d) 170756, ¶ 19, 146 N.E.3d 10, 14. Thus, the Court will review decisions after *Gasic* was held.

In *Sheaffer v. Glendale Nissan, Inc.*, the Northern District of Illinois stated, "a

---

[1] In a diversity suit, the Court's job is to "apply Illinois law as the Illinois Supreme Court would apply it." *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001).

corporation's knowledge plus inaction doesn't state a claim for personally encouraging or assisting under the IGVA." No. 19 C 3899, 2020 WL 70939, at *3 (N.D. Ill. Jan. 6, 2020) (internal citations omitted). In *Sheaffer*, the Court dismissed plaintiff's claim because plaintiff merely alleged "Glendale Nissan had knowledge that its employee had committed an act of gender-related violence…not that Glendale Nissan had personally assisted in or personally encouraged the gender-related violence, as required by the statute." *Id.*; *see also Balderas v. Illinois Cent. R.R. Co.*, No. 20 C 1857, 2020 WL 5763576, at *2 (N.D. Ill. Sept. 28, 2020) (finding the reasoning in *Sheaffer* persuasive and finding corporate knowledge plus inaction deficient for a claim against a corporation in a IGVA case).

While the Court finds the arguments from the Northern District of Illinois persuasive, the Court must give all reasonable inferences in favor of Plaintiff. Without binding precedent in this district and the open question under Illinois law whether a corporation or entity is a "person" under the IGVA, the Court will not dismiss Ms. Boeving's claim under the IVGA against Defendant Collinsville at this juncture. *See also Solinski v. Higher Learning Comm'n*, No. 1:20-CV-05236, 2021 WL 1293841, at *4 (N.D. Ill. Apr. 7, 2021) (denying defendant THLC motion to dismiss because the Illinois Appellate Court in *Gasic* concluded a corporation can be liable under IGCA under certain circumstances without addressing those circumstances); *Doe v. City of Chicago*, No. 19 C 7375, 2020 WL 1675639, at *4 (N.D. Ill. Apr. 6, 2020) (court acknowledging the court split but not addressing the implications of the *Gasic* holding*); cf Mundo v. City of Chicago*, No. 20 C 2562, 2021 WL 3367160, at *5 (N.D. Ill. Aug. 3, 2021) (finding *Gasic* does not reflect how the Illinois Supreme Court would rule on the issue and granting the City of Chicago's motion to dismiss claim under IVGA).

The Court hereby **DENIES** Defendants' Motion to Dismiss Count IV.

### b. Count III – Gender Discrimination

In Count III Ms. Boeving alleges "Gender Discrimination." Ms. Boeving does not provide a state or federal statute under which she brings Count III. It is unclear to Defendants as well as this Court whether Plaintiff is attempting to raise an Equal Pay Claim, Title VI, claim under the Illinois Human Rights Act, or any other claim. The Court will not clarify on behalf of Ms. Boeving. As stated above, a complaint must provide "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (2007). Count III does not provide Defendants fair notice of what claim is bring brought against them and therefore must be dismissed.

The Court hereby GRANTS Defendants' Motion to Dismiss Count III.

### c. Counts I and V - Hostile Work Environment/Sexual Harassment and Retaliation in violation of Title VII against Defendant Tedesco

Defendants argue Counts I and VI are improperly brought against Defendant Tedesco as an individual and should, therefore, be dismissed (Doc. 22, p. 6). Defendants cite settled law. *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) ("there is no individual liability under Title VII") (internal citations omitted). Ms. Boeving in a footnote on page 2 of her response states "Defendants' Motion as it relates to Counts I and V directed to Defendant Tedesco only is well taken and as such, is not addressed further in this Response." (Doc. 24, p. 2 fn 2).

The Court hereby **GRANTS** Defendants' Motion to Dismiss Count I and V against Defendant Tedesco.

### IV. Conclusion

The Court hereby **DENIES** Defendants' Motion to Dismiss Count IV. Further, the Court

**GRANTS** Defendants' Motion to Dismiss Counts III in favor of all Defendants and Count I and V in favor of Defendant Tedesco. Count III against all Defendants and Count I and V against Defendant Tedesco are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**
**Dated: December 14, 2021**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE