**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AMY BOEVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:21-cv-0353-JPG |
| | ) | |
| CITY OF COLLINSVILLE, ILLINOIS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants City of Collinsville, Illinois ("Defendant Collinsville") and Randall Tedesco ("Defendant Tedesco) (collectively, "Defendants"), through the undersigned counsel, file their Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Doc. 17), and state as follows:

**Parties, Jurisdiction and Venue**

1. Upon information and belief, Defendants admit the allegations set forth in Paragraph 1.

2. Upon information and belief, Defendants admit the allegation that Plaintiff is a female. Defendants deny the remaining allegations set forth in Paragraph 2.

3. Defendants admit that Defendant Collinsville is an incorporated city in southern Illinois, and that it employs both Plaintiff and Randall Tedesco. The remaining allegations set forth in Paragraph 3 constitute legal conclusions for which no response is necessary. To the extent a response is required, Defendants admit that it employs more than twenty-seven employees, and deny the remaining allegations set forth in Paragraph 3.

4. Defendants admit the allegations set forth in Paragraph 4.

5. Defendants admit that Plaintiff purports to bring these claims pursuant to Title VII, the Illinois Human Rights Act, the Illinois Gender Violence Act, the Family and Medical Leave Act and the implementing regulations. Defendants deny the allegation that Plaintiff has set forth cognizable claims under these statutes or regulations and further deny that Defendants violated any of these statutes or regulations.

6. Defendants admit that this Court has subject matter jurisdiction over the federal claims alleged and has authority to exercise jurisdiction over the supplemental state law claims. Defendants deny the remaining allegations set forth in Paragraph 6.

7. Defendants admit that venue is proper in the Southern District of Illinois. Defendants deny the remaining allegations set forth in Paragraph 7.

**Compliance with Procedural Prerequisites and Requirements**

8. Plaintiff refers to a document in Paragraph 8, which Plaintiff has attached as Exhibit 1. That document speaks for itself. All other allegations set forth in Paragraph 8 consist of legal conclusions for which no response is necessary. To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 8.

9. Plaintiff refers to a document in Paragraph 9, which Plaintiff has attached as Exhibit 2. That document speaks for itself. All other allegations set forth in Paragraph 9 consist of legal conclusions for which no response is necessary. To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 9.

10. Paragraph 10 consists of legal conclusions for which no response is necessary. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 10.

11. Paragraph 11 consists of legal conclusions for which no response is necessary. To the extent a response is required, Defendants admit the allegations set forth in Paragraph 11.

12. Paragraph 12 consists of legal conclusions for which no response is necessary. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 12.

### Allegations Common to All Counts

13. Defendants admit that Defendant Collinsville hired Plaintiff as a Planning/Building Assistant in the Community Development Department, with the clarification that her employment commenced October 11, 2016. Defendants deny the remaining allegations set forth in Paragraph 13.

14. Paragraph 14 references a document attached as Exhibit 3. That document speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16.

17. Defendants deny the allegations set forth in Paragraph 17.

18. Defendants deny the allegations set forth in Paragraph 18, including the allegation that Defendant Tedesco ever touched Plaintiff.

19. Defendants deny the allegations set forth in Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22.

23. Defendants deny the allegations set forth in Paragraph 23.

24. Defendants deny the allegations set forth in Paragraph 24.

25. Defendants deny the allegations set forth in Paragraph 25.

26. Defendants admit that a co-worker filed a complaint through Human Resources. Defendants deny all other allegations set forth in Paragraph 26.

27. Defendants deny the allegations of futility, suppression and discouragement, and further deny the allegations with respect to Mr. Bookless, and affirmatively note that Defendant Collinsville maintains policies against any form of harassment or discrimination and requires the reporting of same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff's wishes as set forth in Paragraph 27 and therefore deny the same.

28. Defendants deny the allegations set forth in Paragraph 28.

29. Defendants deny the allegations set forth in Paragraph 29.

30. Defendants deny the allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31.

32. Defendants deny the allegations set forth in Paragraph 32.

33. Defendants deny the allegations set forth in Paragraph 33.

34. Defendants deny the allegations set forth in Paragraph 34.

**COUNT I – Hostile Work Environment/Sexual Harassment
in Violation of Title VII of the Civil Rights Act of 1964**

35. Defendant Collinsville restates and incorporates by reference its responses to Paragraphs 1-34 as if fully set forth herein.[1]

36. Defendant Collinsville denies the allegations set forth in Paragraph 36.

37. Defendant Collinsville denies the allegations set forth in Paragraph 37.

38. Defendant Collinsville denies the allegations set forth in Paragraph 38.

39. Defendant Collinsville denies the allegations set forth in Paragraph 39.

---

[1] Pursuant to the Court's Order entered December 14, 2021 (Doc. 33), Count I has been dismissed against Defendant Tedesco and, therefore, only Defendant Collinsville responds to the numbered paragraphs set forth in Count I. To the extent a response is required of Defendant Tedesco, he adopts Defendant Collinsville's responses to these factual allegations.

40. Defendant Collinsville denies the allegations set forth in Paragraph 40, including the allegation that Defendant Tedesco engaged in the conduct described.

41. Defendant Collinsville denies that Defendant Tedesco engaged in the conduct described, and denies the remaining allegations set forth in Paragraph 41.

42. Defendant Collinsville denies the allegations set forth in Paragraph 42.

43. Defendant Collinsville denies the allegations set forth in Paragraph 43.

44. Defendant Collinsville denies the allegations set forth in Paragraph 44.

45. Defendant Collinsville denies the allegations set forth in Paragraph 45.

46. Defendant Collinsville denies the allegations set forth in Paragraph 46.

47. Defendant Collinsville denies the allegations set forth in Paragraph 47.

48. Defendant Collinsville denies the allegations set forth in Paragraph 48.

49. Defendant Collinsville denies the allegations set forth in Paragraph 49.

50. Defendant Collinsville denies the allegations set forth in Paragraph 50, and further denies that Plaintiff is entitled to any relief in this matter.

51. Defendant Collinsville denies the allegations set forth in Paragraph 51.  Defendant Collinsville further denies that Plaintiff is entitled to any relief in this matter, including any of the relief sought in the Wherefore clause with respect to this claim.

### COUNT II – Hostile Work Environment/Sexual Harassment in Violation of the Illinois Human Rights Act

52. Defendants restate and incorporate by reference their responses to Paragraphs 1-51 as if fully set forth herein.

53. Defendants deny the allegations set forth in Paragraph 53.

54. Defendants deny the allegations set forth in Paragraph 54.

55. Defendants deny the allegations set forth in Paragraph 55.

56. Defendants deny the allegations set forth in Paragraph 56.

57. Defendants deny that Defendant Tedesco engaged in the conduct described, and deny the remaining allegations set forth in Paragraph 57.

58. Defendants deny that Defendant Tedesco engaged in the conduct described, and deny the remaining allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

62. Defendants deny the allegations set forth in Paragraph 62.

63. Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations set forth in Paragraph 64.

65. Defendants deny the allegations set forth in Paragraph 65.

66. Defendants deny the allegations set forth in Paragraph 66.

67. Defendants deny the allegations set forth in Paragraph 67, and further deny that Plaintiff is entitled to any relief in this matter.

68. Defendants deny the allegations set forth in Paragraph 68.  Defendants further deny that Plaintiff is entitled to any relief in this matter, including any of the relief sought in the Wherefore clause with respect to this claim.

## COUNT III – Gender Discrimination

69-76. Count III of Plaintiff's First Amended Petition was dismissed pursuant to this Court's December 14, 2021 Order (Doc. 33) and, therefore, no response is required.

## COUNT IV – Violation of the Illinois Gender Violence Act

77. Defendants restate and incorporate by reference their responses to Paragraphs 1-76

as if fully set forth herein.

78.     Paragraph 78 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 78.

79.     Paragraph 78 consists of legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 79.

80.     Defendants specifically deny that Defendant Tedesco ever touched Plaintiff in a sexual manner or threatened Plaintiff with harm or violence or otherwise engaged in the acts alleged. Defendants deny the remaining allegations set forth in Paragraph 80.

81.     Defendants deny the allegations set forth in Paragraph 81.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants deny the allegations set forth in Paragraph 83, and further deny that Plaintiff is entitled to any relief in this matter.

84.     Defendants deny the allegations set forth in Paragraph 84. Defendants further deny that Plaintiff is entitled to any relief in this matter, including any of the relief sought in the Wherefore clause with respect to this claim.

## **COUNT V – Retaliation in Violation of Title VII of the Civil Rights Act of 1964**

85.     Defendant Collinsville restates and incorporates by reference its responses to Paragraphs 1-84 as if fully set forth herein.[2]

86.     Paragraph 86 consists of a paraphrase of Title VII of the Civil Rights Act of 1964. The statute speaks for itself. The remaining allegations set forth in Paragraph 86 consist of legal

---

[2] Pursuant to the Court's Order entered December 14, 2021 (Doc. 33), Count V has been dismissed against Defendant Tedesco and, therefore, only Defendant Collinsville responds to the numbered paragraphs set forth in Count V. To the extent a response is required of Defendant Tedesco, he adopts Defendant Collinsville's responses to these factual allegations.

7

conclusions for which no response is necessary. To the extent a response is required, Defendant Collinsville denies the remaining allegations set forth in Paragraph 86.

87. Defendant Collinsville denies the allegations set forth in Paragraph 87.

88. Defendant Collinsville denies the allegations set forth in Paragraph 88.

89. Defendant Collinsville denies the allegations set forth in Paragraph 89.

90. Defendant Collinsville denies the allegations set forth in Paragraph 90.

91. Defendant Collinsville denies the allegations set forth in Paragraph 91.

92. Defendant Collinsville denies that Plaintiff was subjected to "adverse employment conditions" and further denies all other allegations set forth in Paragraph 92.

93. Defendant Collinsville denies the allegations set forth in Paragraph 93, and further denies that Plaintiff is entitled to any relief in this matter.

94. Defendant Collinsville denies the allegations set forth in Paragraph 94. Defendant Collinsville further denies that Plaintiff is entitled to any relief in this matter, including any of the relief sought in the Wherefore clause with respect to this claim.

### **COUNT VI – Retaliation in Violation of the Illinois Human Rights Act**

95. Defendants restate and incorporate by reference their responses to Paragraphs 1-94 as if fully set forth herein.

96. Paragraph 96 consists of a paraphrase of the Illinois Human Rights Act. That statute speaks for itself. Defendants deny all other allegations set forth in Paragraph 96.

97. Defendants deny the allegations set forth in Paragraph 97.

98. Defendants deny the allegations set forth in Paragraph 98.

99. Defendants specifically deny that Plaintiff was subjected to the treatment alleged. Defendants deny all other allegations set forth in Paragraph 99.

100. Defendants deny the allegations set forth in Paragraph 100.

101. Defendants deny the allegations set forth in Paragraph 101.

102. Defendants specifically deny that Plaintiff was subjected to "adverse employment conditions." Defendants deny all other allegations set forth in Paragraph 102.

103. Defendants deny the allegations set forth in Paragraph 103, and further deny that Plaintiff is entitled to any relief in this matter.

104. Defendants deny the allegations set forth in Paragraph 104. Defendants further deny that Plaintiff is entitled to any relief in this matter, including any of the relief sought in the Wherefore clause with respect to this claim.

## COUNT VII – Retaliation in Violation of the FMLA

105. Defendant Collinsville restates and incorporates by reference its responses to Paragraphs 1-104 as if fully set forth herein.[3]

106. Paragraph 106 consists of a paraphrase of the FMLA and associated regulations. That statute and those regulations speak for themselves. Defendant Collinsville denies the remaining allegations set forth in Paragraph 106.

107. Defendant Collinsville denies the allegations set forth in Paragraph 107.

108. Defendant Collinsville denies the allegations set forth in Paragraph 108.

109. Defendant Collinsville denies the allegations set forth in Paragraph 109.

110. Defendant Collinsville denies the allegations set forth in Paragraph 110.

111. Defendant Collinsville denies that the reason for Plaintiff's suspension was due to "inadvertently dropping [her] keycard." Defendant Collinsville denies the remaining allegations

---

[3] The FMLA claim set forth in Count VII is directed solely to Defendant Collinsville and, therefore, only Defendant Collinsville responds to the numbered paragraphs set forth in Count VII. To the extent a response is required of Defendant Tedesco, he adopts Defendant Collinsville's responses to these factual allegations.

set forth in Paragraph 111.

112. Defendant Collinsville denies the allegations set forth in Paragraph 112.

113. Defendant Collinsville denies the allegations set forth in Paragraph 113.

114. Defendant Collinsville denies the allegations set forth in Paragraph 114.

115. Defendant Collinsville denies the allegations set forth in Paragraph 115.

116. Defendant Collinsville denies the allegations set forth in Paragraph 116, and further denies that Plaintiff is entitled to any relief in this matter.

117. Defendant Collinsville denies the allegations set forth in Paragraph 117.  Defendant Collinsville further denies that Plaintiff is entitled to any relief in this matter, including any of the relief sought in the Wherefore clause with respect to this claim.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Defendants deny each and every allegation contained in Plaintiff's First Amended Complaint not expressly admitted herein, and further deny that they violated any statute or caused any damage or harm to Plaintiff.

2. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

3. To the extent Plaintiff's claims are based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust her administrative remedies.

4. At all times relevant hereto, Defendant Collinsville maintained and enforced policies prohibiting any form of workplace discrimination or harassment.  While Defendants deny that any actionable conduct occurred, Plaintiff's claims are barred and/or recovery of damages is

precluded because she failed to take advantage of preventative and/or corrective opportunities provided by Defendant Collinsville.

5. Defendants made good faith efforts to comply with any and all applicable laws including, but not limited to, Title VII, the Illinois Human Rights Act, and the Family and Medical Leave Act.

6. Defendants made no decision nor took any action that was motivated by malice or evil motive or intent, nor were Defendants callously indifferent to Plaintiff's protected rights.

7. Some or all of Plaintiff's claims are barred because Defendants' alleged actions, which are denied, were not intentional, malicious, willful or reckless.

8. Some or all of Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

9. Some or all of Plaintiff's claims may be barred by application of the statute(s) of limitation and/or administrative exhaustion requirements.

10. Defendants state that an award of emotional distress or punitive damages in this case would deny Defendants due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as under the Illinois Constitution.

11. Plaintiff's damages should be reduced to the extent she has failed to reasonably and properly mitigate her damages.

12. Plaintiff's claim for damages should be eliminated or reduced to the extent that she has been compensated from collateral sources, other offsets or recoupments, or earnings from other employers or sources.

13. Any alleged injury to Plaintiff was attributable in whole or in part to Plaintiff's own actions or inaction.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands and/or laches.

15. Plaintiff's prayer for attorney's fees, costs, interest and other equitable remedies are not triable to a jury.

16. In the event Plaintiff's punitive damages claim is not dismissed, Defendants request a bifurcated trial with respect to Plaintiff's prayer and allegations for the award of punitive damages.

17. While Defendants deny Plaintiff's allegations as set forth above, Defendants maintain that the same employment actions would have been taken in the absence of any alleged impermissible factor and. therefore, Plaintiff cannot proceed on her retaliation or discrimination claims.

18. Defendants reserve the right to amend their Answer and Affirmative Defenses and raise additional defenses that may become available during the course of discovery in this matter.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants City of Collinsville, Illinois and Randall Tedesco request Plaintiff's First Amended Complaint be dismissed in its entirety, with prejudice, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Carrie L. Kinsella*
Carrie L. Kinsella, #6283318IL
Jillian M. Mueller, #65033MO
JACKSON LEWIS P.C.
222 S. Central Avenue, Suite 900
St. Louis, MO  63105
Telephone: (314) 827-3939
Facsimile: (314) 827-3940
carrie.kinsella@jacksonlewis.com
jillian.mueller@jacksonlewis.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2021, the foregoing **Defendants' Amended Answer and Affirmative Defenses** was electronically filed with the Court and that a true and correct copy of the foregoing document was electronically served upon the following via the CM/ECF system:

>Jill R. Rembusch
>Grant J. Mabie
>Hein Schneider & Bond P.C.
>2244 S. Brentwood Blvd.
>St. Louis, MO  63144
>jrr@hsbattorneys.com
>gjm@hsbattorneys.com

*Attorneys for Plaintiff*

/s/ *Carrie L. Kinsella*

4855-0171-0856, v. 3