# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

AMY BOEVING,                )
                                )
        Plaintiff,          )
                                )
v.                          )    Case No.: 3:21-cv-353
                                )
CITY OF COLLINSVILLE, ILLINOIS,  )
and                         )
                                )    **JURY TRIAL DEMANDED**
RANDALL E. TEDESCO aka      )
RANDY TEDESCO,           )
                                )
        Defendants.      )

## SECOND AMENDED COMPLAINT FOR
## SEXUAL HARASSMENT AND OTHER RELIEF

NOW COMES Plaintiff Amy Boeving, by and through her undersigned attorneys, and for her Second Amended Complaint for Sexual Harassment and Other Relief (the "***Complaint***") against Defendants the City of Collinsville, Illinois ("***Collinsville***") and Randall E. Tedesco a/k/a Randy Tedesco ("***Supervisor***") (Collinsville and Supervisor are hereinafter sometimes collectively referred to as "***Defendants***"), hereby states and alleges as follows:

### Parties, Jurisdiction and Venue

1.      Plaintiff Amy Boeving is and was, at all times relevant hereto, an adult resident of the State of Illinois who has the capacity to bring this suit.

2.      Plaintiff is a woman and as such, is a member of a protected class of persons with a history of unfavorable treatment.

3.      Defendant the City of Collinsville, Illinois is and was, at all times relevant hereto, an incorporated city in Southern Illinois governmental body which has the capacity to be sued and is being named in this suit in its capacity as the employer of each of Plaintiff and Defendant Randall

1

E. Tedesco a/k/a Randy Tedesco, as well as no fewer than 25 additional employees, and which can be served at: Chief Executive Officer of the City of Collinsville, IL, 125 S. Central Street, Collinsville, Illinois, 62234.

4.      Defendant Randall E. Tedesco a/k/a Randy Tedesco ("***Supervisor***") is and was, at all times relevant hereto, an adult resident of the State of Illinois who has the capacity to be sued and can be served at 2903 Polo Court, Swansea, Illinois 62226-5982.

5.      This cause is brought pursuant to Title VII of the Civil Rights Act of 1964, 28 U.S.C. §2000e-1, *et seq.,* the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*., the Illinois Gender Violence Act, 740 ILCS 82/1, *et seq*. and the corresponding regulations of the Illinois Department of Human Rights, and the Family Medical Leave Act, 29 U.S.C. §2601, *et seq*. (the "***FMLA***") and the corresponding regulations.

6.      This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq., as amended by the Civil Rights Act of 1991. This court has jurisdiction to grant relief pursuant to 28 USC §§ 1331, 1343(a)(3), (4) and 29 USC §§ 1001 et seq. This court is vested with jurisdiction to order an injunction, back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, and attorney's fees and costs pursuant to 42 USC § 1981a and 42 USC § 2000e-5(g). This court also has jurisdiction over all state law claims pursuant to 42 USC §§ 1331 and 1367.

7.      Venue is proper pursuant to 42 USC § 2000e-5(f)(3), 28 USC § 1391(b) and (c) because the unlawful employment practices and violation of the FMLA were committed within this judicial district.

## **Compliance with Procedural Prerequisites and Requirements**

8.      Plaintiff timely filed a charge of discrimination and retaliation with the Illinois Department of Human Rights, bearing charge nos. 2021SF0583 and 2021SN0584, and the Equal Employment Opportunity Commission, bearing EEOC no. 21BA10159, against each of Collinsville and Supervisor alleging, amongst other things, sexual harassment, gender-based employment discrimination, and retaliation.  A true and accurate copy of the Plaintiff's charge of discrimination is attached hereto as ***Exhibit 1*** and incorporated herein by reference.

9.      This action is filed within 90 days of Plaintiff's receipt of the Department of Human Rights' Notice of Opt Out of the Investigative and Administrative Process, Right to Commence and Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure for each matter.  A true and accurate copy of the aforementioned are attached hereto collectively as ***Exhibit 2*** and incorporated herein by reference.

10.      Plaintiff has satisfied any and all administrative requirements precedent to the filing of this lawsuit pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*.

11.      Collinsville is an "employer" as defined by 42 USC § 2000e(b) and 775 ILCS 5/2-101(B)(1)(c), because it is engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and because it is governmental unit.

12.      Collinsville is also an "employer" as defined by 29 C.F.R. §825.104(a) because it is a public agency.

**Allegations Common to All Counts**

13.    In or about October 2017, Plaintiff began employment as a Planning/Building Assistant in the Community Development Department for Collinsville where she quickly established herself as a model employee.

14.    Plaintiff's reputation as a model employee is evidenced in her yearly performance evaluations through 2019 which are attached hereto collectively as ***Exhibit 3*** and incorporated herein by reference.

15.    During Plaintiff's employment with Collinsville, her Supervisor, the Chief Building Officer in the Community Development Department, pressured Plaintiff to engage in a sexual relationship with him.

16.    Supervisor's actions include but are not limited to: leering and staring at Plaintiff; unwanted touching of Plaintiff's person without Plaintiff's consent; constant and continued propositioning of Plaintiff to meet outside of work socially and/or romantically and to engage in a romantic relationship; as well as repeated sexual overtures and inappropriate sexual comments on a nearly daily basis.

17.    At all times Plaintiff rejected Supervisor's advances and overtures and sought refuge from the same.

18.    Plaintiff did not and has not ever consented to Supervisor touching her in any manner.

19.    The harassment was so severe and pervasive that in June 2018, despite still being fairly new to employment with Collinsville and fearful of losing her job, Plaintiff approached Mr. David Bookless, another supervisor in her department, to discuss her treatment by Supervisor.

4

20.     Mr. Bookless pressured Plaintiff not to lodge a complaint against Supervisor for his inappropriate treatment Plaintiff telling her that it would be a bad idea to do so and threatening that she would be outcast and ostracized in the workplace if she were to do so.

21.     Mr. Bookless went so far as to tell Plaintiff that the "people upstairs" in the Collinsville government center were not fond of her and that it would be in her best interest to simply let her mistreatment go.

22.     Collinsville's clear and unequivocal message to Plaintiff, that Collinsville did not care how Supervisor treated her or that it was not providing a safe and lawful workplace, as relayed by Mr. Bookless led to Plaintiff feeling inadequate and feelings of despair in Plaintiff.

23.     Shortly after the June 2018 discussion with Mr. Bookless, Collinsville rewarded Supervisor for his mistreatment and harassment of Plaintiff by giving him a private office, an accommodation he did not have prior to said time.

24.     By February 2019, Supervisor's harassment and mistreatment of Plaintiff was still persisting and had significantly escalated.

25.     Further, Supervisor made no attempts whatsoever to hide his mistreatment and harassment of Plaintiff from Collinsville and said conduct was open, obvious, and widely known throughout City Hall at various levels.

26.     That same month, a co-worker of Plaintiff who had witnessed Supervisor's mistreatment and harassment of Plaintiff filed a formal complaint against Supervisor with Collinsville through the human resources department.

27.     Plaintiff wished to join in and file her own complaint for the same, however, based upon her conversations with her superior Mr. Bookless on behalf of Collinsville, Plaintiff believed

such actions would be futile because it was made clear to her months earlier that Collinsville would suppress and discourage her complaints about its discriminatory treatment of Plaintiff.

28.     The day after the co-worker's complaint was filed, Supervisor told Plaintiff's co-workers, including but possibly not limited to Mr. Bert Fite, "[Plaintiff] picked the wrong side, I will make her life miserable."

29.     In the ensuing months, Supervisor continued his mistreatment and harassment of Plaintiff and also began verbally berating Plaintiff, when he wasn't propositioning her, by yelling at her, belittling and insulting her, and constantly belittling the quality of her work despite the approval of his superiors of the same.

30.     Plaintiff had multiple meetings with the various directors of her department during the Summer of 2019 concerning Supervisor's actions, with said meetings continuing on a near monthly basis for over a year.

31.     Supervisor's mistreatment and harassment of Plaintiff was so obvious within the department that the department head took on the responsibility of doing Plaintiff's yearly reviews as he knew that Supervisor would not conduct an unbiased and fair review of Plaintiff's job performance.

32.     After nearly every meeting Plaintiff had with the various directors of her department over the course of her employment, Supervisor's mistreatment and harassment of Plaintiff worsened and escalated.

33.     Further, at all times Collinsville, through the various directors, discouraged Plaintiff from filing a complaint against Supervisor for his harassment and mistreatment of her and led Plaintiff to believe that if she filed a complaint, she would be punished and ostracized in the workplace.

34.     Collinsville, through various employees, directors, and even the city manager, told Plaintiff that she would have to suffer the consequences if she were to complain about Supervisor's harassment and mistreatment of her, implying that such a complaint would be detrimental to her employment, rather than providing a safe and inclusive workplace Plaintiff.

35.     Ultimately, the abhorrent treatment Plaintiff was subjected to was too much for Plaintiff to bear and she was forced under such conditions to leave her employment with Collinsville and accept a position elsewhere which provides significantly lower pay and significantly fewer benefits.

## COUNT I – Hostile Work Environment/Sexual Harassment
## in Violation of Title VII of the Civil Rights Act of 1964

36.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 35 as and for paragraph no. 36 as if fully set forth herein.

37.     During Plaintiff's employment with Collinsville, as is set forth above, Supervisor has, amongst other things, leered and stared at Plaintiff; touched Plaintiff's person without Plaintiff's consent; propositioned Plaintiff to meet outside of work socially and/or romantically and to engage in a romantic relationship; as well as made repeated sexual overtures and inappropriate sexual comments on a nearly daily basis to Plaintiff, all of which constituted unlawful sexual harassment.

38.     When Plaintiff rejected Supervisor's inappropriate and unlawful advances, Supervisor verbally berated Plaintiff both personally and professionally, said abuse continuing to this day.

39.     Collinsville is or should have been aware of Supervisor's unlawful activities as said actions were all taken not only while Plaintiff was forced to be alone with Supervisor, but also in front of other employees of Collinsville.

7

40.     Supervisor's actions not only constituted unlawful sexual harassment and discrimination, but also rendered Plaintiff's employment environment hostile.

41.     Supervisor's conduct, as described herein, is and would have been offensive to any woman.

42.     Plaintiff did not consent to such conduct and found it unwelcome and offensive.

43.     Supervisor's conduct, seemingly with the approval of Collinsville, has rendered Plaintiff's employment intolerable and no reasonable person would tolerate the same.

44.     Plaintiff continuously complained to Collinsville and Supervisor about Supervisor's harassment of Plaintiff and asked Supervisor to cease such actions.

45.     Despite her complaints to both Supervisor and to Supervisor's superiors, Supervisor refused to cease said conduct and Collinsville did not take any steps to remedy the harassment or to otherwise protect Plaintiff from said unlawful actions.

46.     Defendants' conduct as described herein was malicious and was intended to oppress, humiliate and denigrate Plaintiff and was without any justification.

47.     Defendants' conduct in insulting, embarrassing, and sexually harassing Plaintiff, was done under color of law, taken in the course and scope of carrying out official duties and was made while Supervisor was on duty, was only possible due to Supervisor's official status as Plaintiff's superior, was related to his performance of his official duties and was done in his capacity as a member of Collinsville's personnel, and interfered with Plaintiff's ability to perform her duties.

48.     Collinsville was aware or should have been aware of such conduct by Supervisor because Plaintiff complained of his conduct to managerial employees and agents of Collinsville, as alleged above.

49.     However, no action reasonably designed to remedy the situation was taken on the complaints and the harassment continued.

50.     By its failure to prevent or correct the discrimination and sexual harassment of Plaintiff by its agent and employee, as alleged above, Collinsville acted to condone and ratify such conduct with the knowledge that such ratification would thus interfere with Plaintiff's employment and ability to continue her career with Collinsville.

51.     As a direct and proximate cause of Defendants' actions, Plaintiff has suffered damages including, but not limited to, suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $75,000.00, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

52.     The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendant City of Collinsville, Illinois in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT II – Hostile Work Environment/Sexual Harassment
### in Violation of the Illinois Human Rights Act

53.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 52 as and for paragraph no. 53 as if fully set forth herein.

54.     During Plaintiff's employment with Collinsville, as is set forth above, Supervisor has, amongst other things, leered and stared at Plaintiff; touched Plaintiff's person without Plaintiff's consent; propositioned Plaintiff to meet outside of work socially and/or romantically and to engage in a romantic relationship; as well as made repeated sexual overtures and inappropriate sexual comments on a nearly daily basis to Plaintiff, all of which constituted unlawful sexual harassment.

55.     When Plaintiff rejected Supervisor's inappropriate and unlawful advances, Supervisor verbally berated Plaintiff both personally and professionally, said abuse continuing to this day.

56.     Collinsville is or should have been aware of Supervisor's unlawful activities as said actions were all taken not only while Plaintiff was forced to be alone with Supervisor, but also in front of other employees of Collinsville.

57.     Supervisor's actions not only constituted unlawful sexual harassment and discrimination, but also rendered Plaintiff's employment environment hostile.

58.     Supervisor's conduct, as described herein, is and would have been offensive to any woman.

59.     Plaintiff did not consent to such conduct and found it unwelcome and offensive.

60.     Supervisor's conduct, seemingly with the approval of Collinsville, has rendered Plaintiff's employment intolerable and no reasonable person would tolerate the same.

61.     Plaintiff continuously complained to Collinsville and Supervisor about Supervisor's harassment of Plaintiff and asked Supervisor to cease such actions.

62.    Despite her complaints to both Supervisor and to Supervisor's superiors, Supervisor refused to cease said conduct and Collinsville did not take any steps to remedy the harassment or to otherwise protect Plaintiff from said unlawful actions.

63.     Defendants' conduct as described herein was malicious and was intended to oppress, humiliate, and denigrate Plaintiff and was without any justification.

64.    Defendants' conduct in insulting, embarrassing, and sexually harassing Plaintiff, was done under color of law, taken in the course and scope of carrying out official duties and was made while Supervisor was on duty, was only possible due Supervisor's official status as Plaintiff's superior, was related to his performance of his official duties and was done in his capacity as a member of Collinsville's personnel, and interfered with Plaintiff's ability to perform her duties.

65.    Collinsville was aware or should have been aware of such conduct by Supervisor because Plaintiff complained of his conduct to managerial employees and agents of Collinsville, as alleged above.

66.    However, no action reasonably designed to remedy the situation was taken on the complaints and the harassment continued.

67.    By its failure to prevent or correct the discrimination and sexual harassment of Plaintiff by its agent and employee, as alleged above, Collinsville acted to condone and ratify such conduct with the knowledge that such ratification would thus interfere with Plaintiff's employment and ability to continue her career with Collinsville which was ultimately ended.

68.    As a direct and proximate cause of Defendants' actions, Plaintiff has suffered damages including, but not limited to, suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at

this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $75,000.00, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

69.     The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendants City of Collinsville, Illinois and Randall E. Tedesco aka Randy Tedesco, jointly and severally, in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III – Gender Discrimination
## in Violation of Title VII of the Civil Rights Act of 1964

70.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 69 as and for paragraph no. 70 as if fully set forth herein.

71.     In addition to subjecting Plaintiff to the abhorrent sexual harassment set forth above, Collinsville also deprived Plaintiff of equal treatment as to that of her male co-workers.

72.     Collinsville routinely scrutinized and analyzed Plaintiff's time sheets and even chastised her and accused her of fraud, however, ignored former male co-workers who frequently and fraudulently included time on said timesheets that was not worked and which Collinsville was or should have been aware was not worked.

73.     Collinsville routinely turns a blind eye to the treatment of its female employees, including Plaintiff, who are continuously subjected to hostile, threatening, and intimidating

behavior by Supervisor and the city manager while the former male co-workers are not subjected to such treatment.

74.     Collinsville's disparate treatment of Plaintiff and her former female co-workers is unlawful and is based upon the sex of said employees.

75.     As a direct and proximate cause of Collinsville's actions, Plaintiff has been damaged in an amount as of now not fully determined but in excess of $75,000.00 and which will be proven at trial.

76.     The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendant City of Collinsville, Illinois in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT IV – Gender Discrimination in Violation of the Illinois Human Rights Act**

77.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 76 as and for paragraph no. 77 as if fully set forth herein.

78.     In addition to subjecting Plaintiff to the abhorrent sexual harassment set forth above, Collinsville also deprived Plaintiff of equal treatment as to that of her male co-workers.

79.     Collinsville routinely scrutinized and analyzed Plaintiff's time sheets and even chastised her and accused her of fraud, however, ignored male co-workers who frequently and fraudulently included time on said timesheets that was not worked and which Collinsville was or should have been aware was not worked.

80.     Collinsville routinely turns a blind eye to the treatment of its female employees, including Plaintiff, who are continuously subjected to hostile, threatening, and intimidating behavior by Supervisor and the city manager while the male co-workers are not subjected to such treatment.

81.     Collinsville's disparate treatment of Plaintiff and her former female co-workers is unlawful and is based upon the sex of said employees.

82.     As a direct and proximate cause of Collinsville's actions, Plaintiff has been damaged in an amount as of now not fully determined but in excess of $75,000.00 and which will be proven at trial.

83.     The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendants City of Collinsville, Illinois and Randall E. Tedesco aka Randy Tedesco, jointly and severally, in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT V – Gender Discrimination in Violation of the Equal Pay Act of 1963**

84.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 83 as and for paragraph no. 84 as if fully set forth herein.

85.     In addition to subjecting Plaintiff to the abhorrent sexual harassment and disparate treatment based upon her sex set forth above, Collinsville also deprived Plaintiff of equal pay as to that of her former male co-workers.

86.     Collinsville routinely scrutinized and analyzed Plaintiff's time sheets and even chastised her and accused her of fraud however, ignored her former male co-workers who frequently and fraudulently included time on said timesheets that was not worked and which Collinsville was or should have been aware was not worked.

87.     Upon information and belief, Collinsville routinely gives Plaintiff's former male co-workers larger and more significant raises than Plaintiff and her former female co-workers despite Plaintiff having the same or similar job duties and the same or better performance evaluations.

88.     Upon information and belief, Collinsville routinely gives male employees higher wages than female employees for equal work which requires equal skill despite the fact that the working conditions for both male and female employees of Collinsville is and was similar.

89.     Collinsville's disparate pay to Plaintiff and her former female co-workers is unlawful and is based upon the sex of said employees.

90.     The conduct of Collinsville as described herein was oppressive, malicious, and without regard of the rights of Plaintiff and Collinsville's other female employees.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendant City of Collinsville, Illinois in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT VI – Gender Discrimination in Violation of the Illinois Equal Pay Act of 2003**

91.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 90 as and for paragraph no. 91 as if fully set forth herein.

92.     In addition to subjecting Plaintiff to the abhorrent sexual harassment and disparate treatment based upon her sex set forth above, Collinsville also deprived Plaintiff of equal pay as to that of her male co-workers.

93.     Collinsville routinely scrutinized and analyzed Plaintiff's time sheets and even chastised her and accused her of fraud however, ignored her former male co-workers who frequently and fraudulently included time on said timesheets that was not worked and which Collinsville was or should have been aware was not worked.

94.     Upon information and belief, Collinsville routinely gives male employees larger and more significant raises than Plaintiff and her former female co-workers despite Plaintiff having the same or similar job duties and the same or better performance evaluations.

95.     Upon information and belief, Collinsville routinely gives male employees higher wages than female employees for equal work which requires equal skill despite the fact that the working conditions for both male and female employees of Collinsville is and was similar.

96.     Upon information and belief, Collinsville routinely ignores that there is little to no difference in the amount of effort, time consumed, education, experience or skill required for the positions held by Plaintiff and her former female co-workers and that of her former male co-workers, nor is there any difference in the economic advantage provided by the male and female employees, but despite this, Collinsville undervalues the contributions of Plaintiff and her former female co-workers.

97.     Collinsville's disparate pay to Plaintiff and her former female co-workers is unlawful and is based upon the sex of said employees.

98.     The conduct of Collinsville as described herein was oppressive, malicious, and without regard of the rights of Plaintiff and Collinsville's other female employees.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendant City of Collinsville, Illinois in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VII – Violation of the Illinois Gender Violence Act

99.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 98 as and for paragraph no. 99 as if fully set forth herein.

100.     The Illinois Gender Violence Act creates a civil cause action for damages where a victim has been subjected to physical aggression that constitutes battery on the basis of the victim's sex or a physical intrusion of a sexual nature under coercive conditions satisfying the elements of battery, or the threat of either of the above.

101.     Illinois recognizes that a person commits battery if he knowingly and without consent makes physical contact of an insulting or provoking nature with a victim.

102.     The actions of Supervisor, as set forth above, of touching Plaintiff in a sexual nature and threatening Plaintiff with harm or violence if she did not capitulate to his sexual advances during regular working hours constitutes a battery under the laws of the State of Illinois.

103.     Supervisor did these actions, presumably, because Plaintiff is a woman as Plaintiff is unaware of Supervisor having ever done the same to her male co-workers.

104.     Due to his position within Collinsville as Plaintiff's supervisor, Supervisor's actions were of a coercive nature.

105.     Collinsville not only had direct knowledge of Supervisor's repeated acts of gender-related violence against Plaintiff and did nothing to protect Plaintiff form the same, but also

directly encouraged and participated in the same in that Collinsville pressured Plaintiff not to lodge a complaint against Supervisor for his actions even telling Plaintiff that it would be a bad idea to do so and threatening that she would be outcast and ostracized in the workplace if she were to do so despite having actual knowledge of Supervisor's heinous acts.

106.    As a direct and proximate result of Supervisor's actions, Plaintiff has suffered damages including, but not limited to, suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $75,000.00, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

107.    The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendants City of Collinsville, Illinois and Randall E. Tedesco aka Randy Tedesco, jointly and severally, in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT VIII – Retaliation in Violation of Title VII of the Civil Rights Act of 1964

108.    Plaintiff hereby incorporates by reference paragraph nos. 1 through 107 as and for paragraph no. 108 as if fully set forth herein.

109.    It is unlawful under Title VII of the Civil rights Act of 1964 for an employer, such as Collinsville, to discriminate against any of its employees because she has opposed any practice made an unlawful employment practice by the Act, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the Act.

110.    In addition to subjecting Plaintiff to the abhorrent sexual harassment set forth above, Defendants also retaliated against Plaintiff for both voicing her concerns and for the concerns voiced by Plaintiff's former co-workers concerning her treatment.

111.    This retaliation was accomplished by Defendants subjecting Plaintiff to significantly different treatment in the work place than she had experienced prior to rejecting the advances of Supervisor and bringing her concerns to Collinsville such as, amongst other things, increased scrutiny and criticism of her work product, increased scrutiny of her time entries, directing personal disparagements made both to Plaintiffs and to others employed by Collinsville, unwarranted disparaging remarks about Plaintiff to other employed by Collinsville and in the community at large, increasing her work load to impossible levels, and subjecting Plaintiff to hostile treatment in the work place, which has caused Plaintiff to suffer increased and unwarranted stress in the workplace.

112.    Prior to Plaintiff rejecting Supervisor's unwanted sexual advances, Plaintiff had not experienced any of the aforementioned treatment, nor had Plaintiff witnessed any of her former co-workers experiencing the aforementioned treatment.

113.    Collinsville has openly recognized the disparate treatment of Plaintiff by Supervisor and has even reassigned the duty of performing Plaintiff's yearly reviews away from Supervisor because it acknowledges that Plaintiff is treated differently and more adversely after rejecting Supervisor's advances.

114.     The treatment of Plaintiff that has taken place as a result of her rejecting Supervisor's advances and for leveling her complaint with Collinsville is such that any reasonable employee of Collinsville would have, and many have, found it to be adverse to Plaintiff.

115.     Neither Collinsville nor Supervisor have subjected Plaintiff's former male co-workers to similar adverse employment conditions.

116.     As a direct and proximate result of the retaliatory conduct of Supervisor and Collinsville, Plaintiff has suffered damages including, but not limited to, suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $75,000.00, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

117.     The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendant City of Collinsville, Illinois in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT IX – Retaliation in Violation of the Illinois Human Rights Act

118.     Plaintiff hereby incorporates by reference paragraph nos. 1 through 117 as and for paragraph no. 118 as if fully set forth herein.

119.     The Illinois Human Rights Act prohibits employers from engaging in retaliatory conduct towards an individual who reports conduct which is prohibited under the Act.

120.     In addition to subjecting Plaintiff to the abhorrent sexual harassment set forth above, Defendants also retaliated against Plaintiff for both voicing her concerns and for the concerns voiced by Plaintiff's co-workers concerning her treatment.

121.     This retaliation was accomplished by Defendants subjecting Plaintiff to significantly different treatment in the work place than she had experienced prior to rejecting the advances of Supervisor and bringing her concerns to Collinsville such as, amongst other things, increased scrutiny and criticism of her work product, increased scrutiny of her time entries, directing personal disparagements made both to Plaintiffs and to others employed by Collinsville, unwarranted disparaging remarks about Plaintiff to other employed by Collinsville and in the community at large, increasing her work load to impossible levels, and subjecting Plaintiff to hostile treatment in the work place which has caused Plaintiff to suffer increased and unwarranted stress in the workplace.

122.     Prior to Plaintiff rejecting Supervisor's unwanted sexual advances, Plaintiff had not experienced any of the aforementioned treatment, nor had Plaintiff witnessed any of her co-workers experiencing of the aforementioned treatment.

123.     Collinsville has openly recognized the disparate treatment of Plaintiff by Supervisor and has even reassigned the duty of performing Plaintiff's yearly reviews away from supervisor because it acknowledges that Plaintiff is treated differently and more adversely after rejecting Supervisor's advances.

124.    The treatment of Plaintiff that has taken place as a result of her rejecting Supervisor's advances and for leveling her complaint with Collinsville is such that any reasonable employee of Collinsville would have, and many have, found it to be adverse to Plaintiff.

125.    Neither Collinsville nor Supervisor have subjected Plaintiff's male co-workers to similar adverse employment conditions.

126.    As a direct and proximate result of the retaliatory conduct of Supervisor and Collinsville, Plaintiff has suffered damages including, but not limited to, suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $75,000.00, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

127.    The conduct of Defendants as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendants City of Collinsville, Illinois and Randall E. Tedesco aka Randy Tedesco, jointly and severally, in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT X – Retaliation in Violation of the FMLA

128.    Plaintiff hereby incorporates by reference paragraph nos. 1 through 127 as and for paragraph no. 128 as if fully set forth herein.

129.   Section 105 of the FMLA and section 825.220 of the FMLA regulations, amongst other things, prohibit an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right and also from discriminating or retaliating against an employee for having exercised or attempted to exercise any FMLA right.

130.   As a result of the abhorrent sexual harassment and treatment of Plaintiff as set forth above, Plaintiff began suffering severe and debilitating anxiety and took a covered and approved leave of absence from her employment with Collinsville.

131.   Upon her return to work on May 11, 2021, Plaintiff's keycard inadvertently fell off of her person and landed on the parking lot of Collinsville.

132.   Plaintiff's keycard was found by an as of now unknown co-worker of hers and said co-worker notified Plaintiff's superiors of the minor issue.

133.   Plaintiff's superiors, or any one of them, without so much as conducting any investigation whatsoever, informed Plaintiff that the aforementioned key card was a severe security threat to Collinsville and that for said security violation, Plaintiff was being suspended for five (5) days.

134.   Plaintiff is unaware of any instance in which Collinsville has suspended any other employee for five (5) days due to inadvertently dropping their keycard.

135.   Upon information and belief, Collinsville suspension of Plaintiff was not because Plaintiff had dropped her keycard in the parking lot, but rather, was in retaliation of Plaintiff having taken a leave of absence under the FMLA due to severe anxiety caused by the sexual harassment of Supervisor and Collinsville.

136.   This retaliation was accomplished by Defendants subjecting Plaintiff to significantly different treatment in the workplace as it relates to dropping and/or misplacing a

keycard in that Plaintiff was suspended for five (5) days while Plaintiff is unaware of any instance in which an employee who had not just returned from an approved leave of absence under the FMLA was given such a harsh punishment for such a minor transgression.

137.    The treatment of Plaintiff that has taken place as a result of her having taken an approved leave of absence under the FMLA is such that any reasonable employee of Collinsville would have, and many have, found it to be adverse to Plaintiff.

138.    Collinsville interfered with, restrained and/or denied Plaintiff's exercise of her rights under the FMLA by retaliating against Plaintiff in an attempt to dissuade Plaintiff and others in the employ of Collinsville from taking leave under the FMLA by using Plaintiff's exercise of her rights under the FMLA as a factor in its disciplinary action.

139.    As a direct and proximate result of Collinsville's violation of the FMLA, Plaintiff has suffered and continues to suffer damages in that her employee file is now blemished by said action labeling Plaintiff as a "security concern" which will cost Plaintiff significant future earnings and in that Plaintiff will lose earnings during said suspension, the extent of which is not fully known at this time and the amount of damages caused thus is not yet fully ascertained but is in an amount in excess of $75,000.00, the precise amount to be proven at the time of trial. Plaintiff claims that amount together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

140.    The conduct of Collinsville as described herein was oppressive, malicious, and without regard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court for a Judgment in her favor and against Defendant City of Collinsville, Illinois in an amount to be proven at trial but which is not less than $75,000.00, for punitive damages in an amount which will discourage others from

engaging in the same or similar conduct but not less than $100,000.00, for her costs and expenses incurred herein, for an order directing Defendant City of Collinsville, Illinois to strike any reference to the disciplinary action and/or security violation from Plaintiff's employee record, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

HEIN SCHNEIDER & BOND P.C.

*/s/ Jill R. Rembusch*
Jill R. Rembusch, #6257221 IL
Grant J. Mabie, #6304882 IL
2244 S. Brentwood Blvd.
St. Louis, MO 63144
Telephone:      (314) 863-9100
Email:          jrr@hsbattorneys.com
                gjm@hsbattorneys.com
*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on January 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record for all Defendants in this matter.

*/s/ Jill R. Rembusch*

25