IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY BOEVING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00353-JPG |
| | ) |
| CITY OF COLLINSVILLE, ILLINOIS, | ) |
| | ) |
| And RANDALL E. TEDESCO a/k/a | ) |
| RANDY TEDESCO | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production of Documents (Doc. 76). On December 22, 2022, pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, Defendants City of Collinsville, Illinois ("City) and Randall Tedesco ("Tedesco") (collectively, "Defendants") filed their Motion to Compel Plaintiff's Responses to Defendants' Interrogatories and Request for Production of Documents.

Pursuant to the U.S. District Court Southern District of Illinois ("SDIL-LR"), all motions *other than* a motion to remand, judgment on the pleading, summary judgment, to suppress, and post-trial motions, shall have 14 days after service of the motion to file a written response. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g). Defendants filed a motion to compel, which is not any of the motions listed above. Therefore, any opposition or response to Defendants' motion was due January 5, 2023. Plaintiff has not filed an opposition to the pending motion and the time for doing so has passed. Therefore, the Court considers a failure to oppose

within the time periods in SDIL-LR as an admission of the merits of the motion.

As Plaintiff has not filed any opposition to Defendants' Motion, it is hereby ORDERED, ADJUDGED, and DECREED:

1. As to Defendants' Interrogatories, Plaintiff is compelled to:

    a. Provide information about any other litigation or administrative charge including bankruptcy and criminal proceedings in which she was a party or testified as a witness within the past ten (10) years (Interrogatory No. 4);

    b. Identify health care providers with whom Plaintiff sought treatment since January 2015 to the present (Interrogatory No. 7); and

    c. Identify health care providers from whom Plaintiff received medical treatment for her emotional distress, anguish, anxiety, and depression from October 2017 to the present (Interrogatory No. 8).

2. As to Defendants' Request for Production of Documents, Plaintiff is compelled to produce and/or supplement:

    a. All documents that reflect or relate to all earned income received by Plaintiff for the years 2017 through the present (Request No. 3);

    b. All documents which discuss, mention or relate in any way to any meetings, conversations or other communications Plaintiff had at any time with any current or former employee, independent contractor, representative or agent of the City or with Tedesco which relate to this Litigation or subject matter of any of the allegations in the Complaint (Request No. 4);

    c. All documents that support or relate to Plaintiff's allegations of retaliation, gender discrimination and/or hostile work environment (Request Nos. 5-7);

    d. All documents such as written or recorded statements, affidavits or declarations Plaintiff has obtained from any individual including, but not limited to, current or former employees of City that support or relate to the allegations in the Complaint (Request No. 9);

    e. All documents related to any other employment or work, including, but not limited to, compensation received, pay rate, and benefits, and any further documents that support or relate to Plaintiff's answer to Interrogatory No. 3 (Request No. 10);

    f. All documents that relate to any lawsuits (including criminal actions and administrative matters), or claims, or bankruptcy proceedings, formal or informal demands for compensation for wages, compensation, damages or any other actions where Plaintiff was a party or witness (Request No. 11);

g.  All written and recorded statements and all documents that relate to or discuss any written or recorded statement, affidavits or declarations obtained by Plaintiff or Plaintiff's representative or agents from any individual (with or without their knowledge and consent) concerning the allegations set forth in the Complaint (Request No. 12);

h.  All federal and state income tax returns, which Plaintiff filed singly or jointly, or which were filed on Plaintiff's behalf, for tax years 2017 to the present, including all W-2 forms, primary source material and other documents used in completing those forms (Request No. 14);

i.  A privilege log for any documents withheld under any claim of privilege or which Plaintiff contends are otherwise protected from discovery (Request No. 17);

j.  All documents or other evidentiary material that form the basis of Plaintiff's computation of damages (Request No. 20);

k.  All documents evidencing or relating to the amount of monetary loss that Plaintiff claims to have experienced as a result of the actions of either Defendant's conduct as alleged in the Complaint (Request No. 21);

l.  All notes, diaries, calendars, memos, correspondence or writings of any kind made by Plaintiff that in any way relate to Plaintiff's employment with the City (Request No. 22);

m.  All non-privileged documents which reflect any complaint made by Plaintiff to the City regarding Tedesco (Request No. 23);

n.  All documents reflecting or relating to communications between Plaintiff and the co-worker referenced in Paragraph 26 of the Complaint which support or relate to Plaintiff's claims against Defendants (Request No. 24);

o.  All documents which support or relate to Plaintiff's allegations set forth in Paragraphs 29, 30, 32, 33, 34, 43 and 44 of the Complaint (Request Nos. 25-31);

p.  All documents which support or relate to Plaintiff's claims of emotional distress, anguish, anxiety, and depression as alleged in Paragraphs 50, 67, 83, 93 and 103 of the Complaint (Request No. 32);

q.  All medical records or other documents reflecting medical care or treatment from any healthcare provider identified in Plaintiff's answer to Interrogatory No. 7 (Request No. 33);

r.  All medical records or other documents reflecting medical care or treatment from any healthcare provider identified in Plaintiff's answer to Interrogatory No. 8 (Request No. 34);

  s. All documents relating to the damages or other relief Plaintiff seeks to recover on Plaintiff's claims under Title VII, the Illinois Human Rights Act, the Illinois Gender Violence Act, and corresponding regulations of the Illinois Department of Human Rights, and the Family Medical Leave Act, (Request No. 40);

  t. All documents that support Plaintiff's allegations that Defendants violated Title VII, the Illinois Human Rights Act, the Illinois Gender Violence Act, and corresponding regulations of the Illinois Department of Human Rights, and the Family Medical Leave Act (Request No. 41); and

  u. Executed authorizations for Plaintiff's medical records (Request No. 42).

The Court **GRANTS** Defendants' Motion to Compel (Doc. 76) and **ORDERS** Plaintiff to provide the above-ordered discovery within fifteen (15) days of this Order.

**IT IS SO ORDERED.**
**Dated: January 11, 2023**

            /s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**