IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY BOEVING,                              )<br>                                                     )<br>    Plaintiff,                                )<br>                                                     )<br>    v.                                           )<br>                                                     )<br>CITY OF COLLINSVILLE, ILLINOIS, et al., )<br>                                                     )<br>    Defendants.                             )<br>                                                     ) | Case No. 21-cv-353-JPG-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Compel the Rule 30(b)(6) deposition of Defendant's Corporate Designee (Doc. 79). Defendant filed a Response (Doc. 81). Plaintiff's motion was referred to the undersigned pursuant to the Federal Magistrate Act, as amended, 28 U.S.C. § 636(b)(1)(A).

On September 9, 2022, Judge Gilbert set the discovery deadline in this case for December 22, 2022 (Doc. 69). The parties participated in a mediation on November 21, 2022, having previously agreed to postpone depositions of the parties and fact witnesses until after the mediation (Doc. 72; Doc. 81-2, p. 11-13). The mediation was unsuccessful (Doc. 72). On December 1, Plaintiff's counsel informed Defendants' counsel (for the first time) that she intended to take a Rule 30(b)(6) deposition of the City of Collinsville's corporate designee (Doc. 81-2, p. 12). Defendants' counsel objected to the topics listed in the Rule 30(b)(6) deposition notice, and Plaintiff's counsel intended to revise those topics and send them to Defendants' counsel (*Id.* p. 10). Due to "miscommunication" at Plaintiff's counsel's office, the revised list of topics was

never sent to Defendants' counsel (Doc. 79, ¶17).

The parties were rapidly approaching their December 22 discovery deadline as they conducted Plaintiff's deposition and the deposition of Defendant Randall Tedesco (Doc. 81-2, pp. 10-13). Scheduling and logistical issues occurred regarding two fact witnesses (*Id*. p. 5). Plaintiff's counsel suffered a severe injury, prompting her to seek an Amended Scheduling Order (*Id*. p. 4). Defendants did not object to extending the discovery deadline to depose the two fact witnesses, but because Defendants' counsel had never received the revised Rule 30(b) deposition notice, Defendants objected that a corporate designee's deposition was "out of time" (*Id*. at pp. 2-3; Doc. 78). The parties agreed on a Joint Motion to Amend the Scheduling Order and understood that Plaintiff would file a Motion to Compel the Rule 30(b)(6) deposition (Doc. 81-2, p. 1). On January 17, 2023, Plaintiff filed a joint Motion to Amend the Scheduling Order and the instant Motion to Compel (Docs. 78 and 79. Attached to her Motion to Compel was a Rule 30(b)(6) deposition notice that included 19 additional topics to the original notice that Plaintiff had provided to Defendants (Doc. 79-3).[1]

On January 24, 2023, Judge Gilbert granted the Motion to Amend the Scheduling Order, setting a new discovery deadline of March 22, 2023 (Doc. 80). On January 31, 2023, Defendant responded to Plaintiff's Motion to Compel, asking the Court to deny the motion because of Plaintiff's "lackadaisical and untimely pursuit" of the Rule 30(b)(6) deposition (Doc. 81). Because Defendants' counsel had never seen the Rule 30(b)(6) deposition notice that contained the 19 additional topics before Plaintiff filed a Motion to Compel, the parties had never met and conferred regarding those topics. The undersigned ordered the parties to do so, and then held a

---

[1] The parties have since agreed that some of those topics are duplicative.

discovery dispute conference on February 21, 2023 (Docs. 83, 84 85). Defendants continue to maintain that the Rule 30(b)(6) deposition should not take place, or should not include the 19 additional topics, because of Plaintiff's "unreasonable delay." Without waiving that argument, however, Defendants have reached an agreement with Plaintiff regarding all the topics (including the 19 additional ones) in the Rule 30(b)(6) notice that is the subject of the Motion to Compel.

Preparing a witness or witnesses for a Rule 30(b)(6) deposition is no small undertaking, and therefore it is certainly advisable for a party seeking such a deposition to clearly and quickly communicate its intention to do so. *See, e.g., BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2018 WL 6694904 (N.D. Ill. Nov. 8, 2018) ("…that parties in litigation attempt to work cooperatively could not be more basic to the operation of the Federal Discovery Rules") (internal citations and quotations omitted). While Plaintiff's pursuit of a Rule 30(b)(6) deposition in this case certainly began shortly before discovery was scheduled to end, the record does not reflect that Plaintiff was acting in bad faith, violated a discovery rule or Order, or even that she has single-handedly delayed the progress of this case. The parties apparently decided to not conduct *any* depositions until after they participated in the November 2022 mediation. Such a tactic is frequently employed when parties are hopeful that a case will settle at a scheduled mediation. As in this case, a flurry of activity consequently results when mediation is unsuccessful and the parties are rapidly approaching their discovery deadline. Defendants filed their own Motion to Compel responses to written discovery on December 22, 2022-the date discovery was scheduled to close. On January 24, 2023, Judge Gilbert gave the parties an additional two months to conduct discovery, which is sufficient time to prepare for and conduct a Rule 30(b)(6) deposition.

Considering these circumstances, the undersigned is not persuaded to deny Plaintiff's

motion simply because she waited until December 1, 2022 to tell Defendant that she intended to conduct a Rule 30(b)(6) deposition.  The Court acknowledges that Defendant did not see the list of topics prior to Plaintiff filing the Motion to Compel, which of course is what Rule 30(b)(6) and Rule 37(a)(1) ordinarily require.  However, on the date Plaintiff filed the Motion to Compel, Defendants' counsel had made it clear that Defendants objected to *any* Rule 30(b)(6) deposition and that Plaintiff's only option was to file a Motion to Compel (Doc. 81-2, p.1).    Given the events that led the parties to file the Joint Motion to Amend the Scheduling Order on January 17, 2023, the Court understands why it was necessary for Plaintiff to file her Motion to Compel the Rule 30(b)(6) deposition on that same date.

The undersigned is also not convinced that granting Plaintiff's Motion to Compel will unfairly prejudice Defendant.  Defendant has known for two and a half months that Plaintiff intends to conduct a corporate designee deposition, and has had more than five weeks to digest Plaintiff's Amended Notice of Deposition.  The undersigned allowed the parties time to meet and confer and they successfully reached agreements on all 26 topics listed in the Rule 30(b)(6) notice; counsel is commended for their efforts.  The parties now have three and a half weeks before the discovery deadline in which to prepare for and conduct the Rule 30(b)(6) deposition.

Accordingly, Plaintiff's Motion to Compel (Doc. 79) is GRANTED.  Defendant City of Collinsville, Illinois shall produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify regarding the topics identified in Plaintiff's Amended Notice of Deposition (Doc. 79-3), subject to the limitations agreed upon by counsel.

**IT IS SO ORDERED.**

**DATED:  2/24/2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**